# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| KEAT KNOBBE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 19-1248-EFM-ADM |
| DEERE & COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Keat Knobbe's Motion to Amend his Complaint. (ECF No. 11.) For the reasons discussed below, the court grants Mr. Knobbe's motion in part and denies it in part without prejudice.

## I. BACKGROUND

Mr. Knobbe filed a petition against defendant Deere & Company ("Deere") in the District Court of Wichita County, Kansas. (*See* ECF No. 1-1, at 2-6.) Mr. Knobbe's petition asserts negligence, strict product liability, and breach of warranty claims arising out of a fire that destroyed his John Deere tractor and damaged other personal property. (*Id.* at 2-5.) Deere removed this action to federal court on September 13, 2019 and filed a motion to dismiss for failure to state a claim. (*See* ECF No. 7.) Deere's motion to dismiss argues that Mr. Knobbe's negligence and strict product liability claims for damage to the tractor are barred by the economic loss doctrine and that his breach of warranty claims are barred because no contractual privity exists between the parties. (*See* ECF No. 7, at 2.) The motion to dismiss is currently pending.

On October 29, Mr. Knobbe filed the instant motion to amend.[1] (*See* ECF No. 11.) He seeks to reframe his claims into causes of action under the Kansas Product Liability Act ("KPLA"), Kan. Stat. Ann. § 60-3301 *et seq.*[2] Mr. Knobbe explains that the Kansas Supreme Court recently issued an opinion clarifying that the economic loss doctrine does not bar a plaintiff from recovering for property damage, including damage to the product at issue, on product liability claims. (*See* ECF No. 11 ¶ 2, at 1 (quoting *Corvias Military Living, LLC v. Ventamatic, Ltd.*, 450 P.3d 797, Syl. ¶ 1 (Kan. 2019).) Mr. Knobbe's proposed amended complaint asserts two KPLA claims based on the tractor's allegedly defective drive line and an allegedly defective repair modification designed by Deere for the tractor's drive shaft. (ECF No. 11-1 ¶¶ 9-19, at 2-3.) He claims damages for the loss of the tractor, the loss of various other property, tow services, and farm labor. (*Id.* ¶ 20, at 4.)

Deere opposes Mr. Knobbe's motion only to the extent that his proposed amended complaint seeks to recover damages for tow services and farm labor. (ECF No. 14 ¶ 11, at 3.) Deere argues that these alleged damages are direct or consequential economic loss that are precluded by the KPLA and *Corvias*. (*Id.* ¶ 10, at 3.)

## II. ANALYSIS

Once a responsive pleading has been filed, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given when justice requires. FED. R. CIV. P. 15(a)(2). The purpose of the rule "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018) (internal quotation marks omitted). The court may refuse leave to amend "only [upon] a showing of undue delay,

---

[1] The court has not yet entered a scheduling order, so there is no deadline for motions to amend.

[2] The KPLA "consolidates all product liability actions, regardless of theory, into one basis for liability." *David v. Hett*, 270 P.3d 1102, 1106 (Kan. 2011).

undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (same).

Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted. *See Wilkerson*, 606 F.3d at 1267 (in the absence of such a showing, amendment should be allowed); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (stating the party opposing amendment bears the burden to show undue prejudice and that there is a presumption in favor of amendment absent such a showing "or a strong showing of any of the remaining *Foman* factors"). Whether to grant a motion to amend is within the court's sound discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

Here, Deere opposes Mr. Knobbe's motion only to the extent that he seeks to recover damages that are statutorily prohibited—specifically, Deere contends that damages for tow services and farm labor relating to the tractor fire are economic loss damages that cannot be recovered under the KPLA. (ECF No. 14 ¶ 10, at 3.) Mr. Knobbe does not dispute that these categories of damages are consequential damages. (ECF No. 15 ¶ 4, at 2.) But he points out that the court in *Corvias* recognized that "the KPLA does not subsume or extinguish any legally viable alternative cause of action seeking recovery for direct or consequential economic loss," *see Corvias*, 450 P.3d at Syl. ¶ 2, and that his counsel is exploring alternative theories that would support recovering the tow services and farm labor. (ECF No. 15 ¶ 4, at 2.) Mr. Knobbe concedes that Deere "may have a valid motion for partial summary judgment" on these consequential damages if he has not presented an alternative claim by the time the pretrial order is entered. (*Id.*)

3

The court will allow Mr. Knobbe to amend his complaint to reframe his claims under the KPLA. However, he may not seek damages for tow services and farm labor at this time because his arguments seem to admit that he needs to come up with an alternative claim to support these damage theories. As such, unless and until he alleges such a cause of action, it is futile for him to assert that he seeks these types of damages, and the court denies leave to amend on that basis. Mr. Knobbe may seek leave to amend to claim these types of damages at a later date if and when he is prepared to assert theories of recovery that would support these types of damages.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff Keat Knobbe's Motion to Amend his Complaint (ECF No. 11) is granted in part and denied in part without prejudice. Mr. Knobbe shall revise Paragraph 20 of his proposed amended complaint in accordance with this order and file his revised amended complaint within five (5) days of the date of this order.

**IT IS SO ORDERED.**

Dated November 25, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell<br>
Angel D. Mitchell<br>
U.S. Magistrate Judge